| | |
|---|---|
| JOSEPH P. MCMONIGLE (State Bar No. 66811)<br>GLEN R. OLSON, (State Bar No. 111914)<br>DAVID P. NEMECEK, JR. (State Bar No. 194402)<br>LONG & LEVIT LLP<br>465 California Street, 5th Floor<br>San Francisco, California 94104<br>Telephone: (415) 397-2222<br>Facsimile: (415) 397-6392<br>jmcmonigle@longlevit.com<br>golson@longlevit.com<br>dnemecek@longlevit.com<br><br>JOHN A.V. NICOLETTI (admitted *pro hac vice*)<br>ROBERT A. NOVAK (admitted *pro hac vice*)<br>MICHAEL J. CARCICH (admitted *pro hac vice*)<br>NICOLETTI, HORNIG & SWEENEY<br>Wall Street Plaza<br>88 Pine Street<br>New York, New York 10005-1801<br>Telephone: (212) 220-3830<br>Facsimile: (212) 220-3780<br>jnicoletti@nicolettihornig.com<br>rnovak@nicolettihornig.com<br>mcarcich@nicolettihornig.com<br><br>Attorneys for Defendant<br>AGCS MARINE INSURANCE CO. | MARTIN H. MYERS (State Bar No. 130218)<br>DOUGLAS E. ROBERTS (State Bar No. 264451)<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br>mhmyers@jonesday.com<br>douglasroberts@jonesday.com<br><br>Attorneys for Plaintiffs<br>CENTURY ALUMINUM COMPANY and<br>NORDURAL EHF |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY ALUMINUM COMPANY, a Delaware Corporation; NORDURAL EHF, an Icelandic Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>AGCS MARINE INSURANCE CO., an Illinois Corporation,<br><br>        Defendant. | Case No. CV 11 2514 EMC<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, the parties recognize that pursuant to discovery during the course of this action each party, and possibly third-parties, may be required to disclose what they, or what one party, believes are trade secrets or other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information within its terms.

1. This Order shall govern the production, use, and disclosure of confidential documents and information (a) produced or disclosed in connection with this action, and (b) designated in accordance with this Order. Any party or third-party disclosing information (hereinafter "disclosing party") may designate information or documents produced or disclosed in connection with this action as "CONFIDENTIAL" and subject to the protections and requirements of this Order by stamping the legend "CONFIDENTIAL" on the documents or information prior to production, or by causing such legend to appear recorded as part of a deposition transcript or court record, pursuant to the terms of this Order.

2. Any disclosing party may designate any document, material, or information as "CONFIDENTIAL." In designating information and materials as "CONFIDENTIAL," counsel for a disclosing party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" pursuant to the following definition. "CONFIDENTIAL" means testimony, information, documents, and/or data which constitutes confidential, proprietary, business, personal, or technical information of the disclosing party which is not publicly available, including trade secrets or other confidential or technical research, development, business, consumer or financial information.

3. In the case of a document, a designation of "CONFIDENTIAL" shall be accomplished by marking the document with the legend "CONFIDENTIAL." Marking the cover of a multi-page document shall not designate all pages of the document confidential; rather each page containing confidential information must be separately marked. As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "CONFIDENTIAL" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the disclosing party.

4. Information conveyed or discussed in deposition testimony shall be subject to this Order provided counsel for the disclosing party identifies and orally designates such information as "CONFIDENTIAL" within 21 days of receipt of the transcript of the deposition. During such time as any information or documents designated "CONFIDENTIAL" are disclosed in a deposition, the disclosing party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order.

5. If a Party intends to file or use in open court any document or information designated by another Party, person or entity as "CONFIDENTIAL," pursuant to LR 79-5 of the Local Rules, the Party shall file an Administrative Motion for a sealing order and proposed order, and submit the "CONFIDENTIAL" document or information as provided in the local rules. The Administrative Motion to seal may be filed prior to or contemporaneously with a redacted version of the filing that relies on the "CONFIDENTIAL" document or information.

6. The failure to designate information or documents as "CONFIDENTIAL" in accordance with this Order shall not preclude a party at a later time from subsequently designating such information or documents as "CONFIDENTIAL." It shall be the responsibility of the disclosing party to cure the prior omission of the CONFIDENTIAL legend by producing additional copies of the documents or information at issue that does contain the appropriate

legend. If the disclosing party does so, then each party who has received a copy of the information or documents bearing the original designation shall either destroy or return all such original copies, or alter the copies to properly reflect the new designation, and from receipt of the document or information marked "CONFIDENTIAL," it shall be treated as such by the receiving party pursuant to this stipulation. Any disclosure to a third party prior to receipt of the document or information marked "CONFIDENTIAL," however, shall not be deemed a breach or violation hereof and the party who disclosed such document or information to a third party at any time prior to receipt of the document or information being designated hereunder as "CONFIDENTIAL" shall be under no obligation to retrieve or take back such information or document from such third party.

    7. A party may object to the designation of any document or information as "CONFIDENTIAL" at any time. To make such an objection, a party shall provide written notice of its objection to the designating party, which notice shall identify the document(s) or information to which the objection applies. The designating party may, within 21 calendar days of service of such notice of objection, move the Court, in accordance with the Local Rules and with Judge Chen's Civil Standing Order on Discovery, requesting that the designation be maintained, and the designating party shall bear the burden of establishing the confidentiality of the document(s) or information in question and the propriety of the designations. If the designating party fails to make such a motion within 21 calendar days, the document(s) or information at issue will not be treated as CONFIDENTIAL under this order. Pending the Court's ruling on motion under this paragraph, the document(s) at issue shall be treated as CONFIDENTIAL under this Order. No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter. Each Party to this litigation additionally acknowledges that nothing in this Order shall prevent interested members of the

public from challenging the propriety of a "CONFIDENTIAL" information designation of documents and/or categories of documents by petitioning this Court.

8. Other than by the disclosing party, CONFIDENTIAL information or documents governed by this protective order shall be used solely in connection with this action and shall not be used in any other manner by a receiving party. Such CONFIDENTIAL documents shall not be disclosed to anyone other than:

    a. the Court and court personnel;

    b. court reporters taking testimony in these actions and necessary stenographic, videographic, and clerical personnel;

    c. outside counsel for the parties to this action and outside counsel's employees;

    d. in-house counsel of the parties and any directors, officers and/or employees of a Party or of any parent, subsidiary, affiliate, or agent of a Party, with whom either outside or in-house counsel believe the document(s) or information should be shared in connection with the prosecution, defense or resolution of this action;

    e. copy services;

    f. experts, investigators, translators, jury consultants, and mock jury members that are not presently officers, directors and/or employees of a party, provided, however, that before any such person is shown or receives any CONFIDENTIAL information or document he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 9 shall be followed;

    g. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) that are not directors, officers and/or employees of a party and/or experts, investigators, translators, jury consultants and/or mock jury members that are not presently officers, directors and/or employees of a party; and attorney(s) representing such persons in deposition or court proceedings (including without limitation, preparation for such depositions or court proceedings); provided that before

1 such person(s) and/or such attorney(s) are shown any documents or information designated as "CONFIDENTIAL" hereunder, the disclosing party shall advise such person(s) and such attorney(s) of the terms of this Stipulation and Protective Order and make a good faith effort to have such person(s) and/or attorney(s) sign Exhibit A hereto, agreeing to be bound by the terms of this Order. If such person(s) and/or attorney(s) refuses to sign Exhibit A hereto, documents or information designated as "CONFIDENTIAL" may be shown to such persons and such attorneys, but shall not be left in the possession of such person(s) and/or such attorney(s);

    h.    jurors at trial; and

    i.    such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, on such conditions as the parties may agree.

9. The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form and scope of Exhibit A hereto) that have been executed by that party's witnesses, experts, translators, and jury consultants. It shall be sufficient for an expert, investigator, and jury consultant to execute the Declaration on behalf of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees.

10. To the extent consent of or authorization from a third party is required before a CONFIDENTIAL document or other item can be produced by a Party, the Producing Party shall obtain such consent or authorization prior to production.

11. Notwithstanding any other provision of this Order, a party may file a document designated as "CONFIDENTIAL" or a pleading designated as containing "CONFIDENTIAL" information under seal in accordance with LR 79-5 of the Local Rules.

12. Notwithstanding any other provision of this Order, information and documents subject to this order may be disclosed as necessary to the parties' reinsurers, auditors, financial advisors, accountants or tax professionals without such disclosure constituting a breach of or violation of the terms of this Order.

13. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL," and all excerpts therefrom in the possession, custody, or control of parties other than the disclosing party, or in the possession, custody or control of experts, investigators, advisors, or consultants, shall be destroyed or returned to counsel for the disclosing party. Outside counsel for each Party may maintain in its files all materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to "CONFIDENTIAL" materials) for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the parties and their counsel shall separately provide written certification to the disclosing party within sixty (60) days after the final disposition of this action that the actions required by the paragraph have been completed.

14. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

15. A party in receipt of documents or information designated as confidential hereunder who is requested or required to disclose the document or information pursuant to any law, regulation, order, subpoena, discovery request in litigation, or rule of any governmental authority, shall (a) notify the person or entity who originally disclosed/produced the "CONFIDENTIAL" documents or information in writing within five (5) business days of the Party's receipt of the request, and (b) if the person or entity who originally disclosed/produced the "CONFIDENTIAL" documents or information objects to the production of such documents or information, provide a written response to the subpoena or other process containing a statement to that effect. In accordance with the Local Rules, the original disclosing/producing person or entity shall promptly notify the party requested to make disclosure of the intentions of the original

1 disclosing/producing party with respect to the requested disclosure. Further, the original
2 disclosing/producing person or entity shall have the burden of defending against such subpoena,
3 process or order. The Party receiving the subpoena or other process shall be entitled to comply
4 with it except to the extent the original disclosing/producing person or entity is successful in
5 obtaining an order modifying or quashing it. Nothing set forth herein shall be deemed or
6 construed to require any party to violate any subpoena, governmental or court order, or any
7 applicable law.

~~16.    *To be determined*~~

17. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, or to enlarge the scope of discovery otherwise permitted.

18. Inadvertent production of documents subject to work product protection or the attorney-client privilege or any other privilege, protection or immunity shall not constitute a waiver of the protection, immunity or privilege; provided that the disclosing party notifies the receiving party in writing via facsimile or email of such inadvertent production promptly upon learning of same. Upon receipt of the notification of inadvertent production, the receiving party shall have seven (7) business days within which to return or destroy the document, and all copies therein, except that, if the receiving party intends to request that the Court order the production of any such inadvertently produced document, it may retain copies of the document for the sole purpose of filing or responding to a motion to compel or to provide the disclosing party with a draft joint LR 37 submission in accordance with the Local Rules. If the party in possession files a motion to compel or provides the disclosing party with a draft joint LR 37 submission, that party

shall have seven (7) business days to file any such motion or to provide any such draft joint LR 37 submission to the disclosing party, starting from the time period when the request was received. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced document. Nothing in this Protective Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work-product immunity, attorney-client privilege, or any other privilege or immunity.

19. Nothing in the order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A party intending to introduce confidential information or documentation at any hearing or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

**IT IS SO STIPULATED.**

Dated: December __, 2011                     JONES DAY


By:_____
   MARTIN H. MYERS
   Attorneys for Plaintiffs
   CENTURY ALUMINUM COMPANY;
   NORDURAL EHF


Dated: December __, 2011                     LONG & LEVIT LLP


By:_____
   GLEN R. OLSON
   Attorneys for Defendant AGCS
   MARINE INSURANCE COMPANY

IT IS SO ORDERED.

1/6/2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTURY ALUMINUM COMPANY, a Delaware Corporation; NORDURAL EHF, an Icelandic Corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>AGCS MARINE INSURANCE CO., an Illinois Corporation,<br><br>Defendant. | CASE NO. CV-11-2514 EMC<br><br>**DECLARATION** |

**DECLARATION OF** _____ (Name of Declarant)

I, _____, declare as follows:

1. My address is _____ _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in these actions on _____.

5. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

6. I will comply with all of the provisions of the Stipulated Protective Order

Regarding Confidentiality.

7. I will hold in confidence, not to disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use only for the purposes of assisting in the resolution of disputes between the parties to these actions, any information or documents designated as "CONFIDENTIAL."

8. I will return all documents designated as "CONFIDENTIAL" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for such party, or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

9. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.

_____
(Signature)

SFI-720767v1