Joseph P. McMonigle (SBN 66811)
Glen R. Olson (SBN 111914)
Jonathan Rizzardi (SBN 244784)
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, CA 94104
Tel: (415) 397-2222 Fax: (415) 397-6392
jmcmonigle@longlevit.com
golson@longlevit.com
jrizzardi@longlevit.com

John A.V. Nicoletti (admitted *pro hac vice)*
Robert A. Novak (admitted *pro hac vice*)
Michael J. Carcich (admitted *pro hac vice*)
NICOLETTI HORNIG & SWEENEY
Wall Street Plaza, 88 Pine Street
New York, NY 10005
Tel: (212) 220-3830 Fax: (212) 220-3780
jnicoletti@nicoletttihornig.com
rnovak@nicolettihaornig.com
mcarcich@nicolettihornig.com

Attorneys for Defendant
AGCS MARINE INSURANCE COMPANY

MARTIN H. MYERS (State Bar No. 130218)
DOUGLAS E. ROBERTS (State Bar No. 264451
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94101
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
mhmyers@jonesday.com
douglasroberts@jonesday.com

Attorneys for Plaintiffs
CENTURY ALUMINUM COMPANY and
NORDURAL EHF

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

CENTURY ALUMINUM COMPANY and NORDURAL EHF,

Plaintiff,

v.

AGCS MARINE INSURANCE COMPANY,

Defendant.

Case No. CV 11-2514 YGR

**~~[PROPOSED]~~ ORDER**

Trial Date: December 3, 2012

The Hon. Yvonne Gonzalez Rogers

Pursuant to this Court's March 2, 2012 (Doc. 78) Order, Defendant supplied plaintiffs' counsel a list of all claim categories and subsets that may contain ocean marine cargo claim files that AGCS accepted and paid from January 1, 2009 to the present involving sea conditions less

severe than level 7 on the Beaufort scale (whether or not the scale is referenced in the files themselves) and proposed search criteria for electronic and manual searching of files to identify such claims files. Defendant identified the following "loss description" categories as containing potentially relevant files: (1) rough handling, (2) general average/salvage, (3) collision, derailment, overturn, (4) water damage, (5) sinking, (6) earthquake and tidal wave, (7) winds from hurricanes, cyclone, other, (8) contact with sea water, heavy W, (9) heavy weather, (10) jettison and washing overboard, and (11) sea water damage. In total, defendant asserts that there are approximately 7,000 claim files within those categories, and that there is no way to reduce that claim count except by a manual review of claim files to determine to what extent each loss involved sea conditions less severe than level 7 on the Beaufort scale.

On the basis of the foregoing, in view of the burden such a manual review would involve, and the parties having agreed, subject to and conditioned on the approval and further order of this Court approving and ordering such procedure,

IT IS HEREBY ORDERED as follows:

1. Claims electronically designated as (2) general average/salvage, (4) water damage, (5) sinking, (7) winds from hurricane, cyclone, other, (8) contact with sea water heavy W, (9) heavy weather, (10) jettison and washing overboard, and (11) sea water damage, shall be manually reviewed by counsel for defendant and all claims accepted and paid from January 1, 2009 to the present involving sea conditions less severe than level 7 on the Beaufort scale (whether or not the scale is referenced in the files themselves) produced to plaintiffs in accordance with paragraph 2 of the Order of March 2, 2012 (Doc. 78), and

2. Defendants shall supply either electronic or paper copies of claims files designated in defendant's electronic systems as resulting from "rough handling" to attorneys for plaintiffs

without the notification to assureds and redaction of non-relevant confidential information required in item 2 of Doc. 78. These files need not be Bates stamped and shall be provided to plaintiffs' counsel on the basis that they (1) shall be "for plaintiffs' attorneys' eyes only", although they need not be individually so marked, (2) will be reviewed only by plaintiffs' counsel and no one else shall read, record or otherwise be allowed access to such files, (3) that no copies of such files or any part thereof shall be made, (4) that such production shall be without prejudice to or waiver of any privilege respecting such files and all or any part thereof, and (5) without prejudice to or waiver of the right of defendant to redact non-relevant, confidential information in accordance with item 2 of Doc. 78 and/or privileged information, and

3. Plaintiffs' attorneys shall manually review these files referenced in paragraph 2 above which comprise approximately 6,000 files to determine which, if any, involve sea conditions less severe than level 7 on the Beaufort scale (whether or not the scale is referenced in the files themselves) and shall designate a reasonable number of such files for production by defendant in accordance with item 2 of Doc. 78. If the parties disagree as to what constitutes a reasonable number they shall meet and confer and if unable to resolve their differences submit them to the Court, and

4. Upon completion of their review, plaintiffs' counsel shall forthwith return to defendant's counsel all claims files provided by defendant to plaintiffs' counsel that are not designated for production pursuant to paragraph 3 above. Plaintiffs' counsel shall retain those files designated for production by it until such time as production copies of those files are provided to plaintiffs' counsel by defendant. Upon receipt of production copies of such files, plaintiffs' counsel shall return the "for plaintiffs' attorneys' eyes only" claims files to defendant's counsel forthwith.

IT IS SO ORDERED.

Dated: March 13, 2012

HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

X:\Public Word Files\42\64\LEGAL\proposed order-claims discovery-LR.docx