# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTURY ALUMINUM COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AGCS MARINE INSURANCE CO., <br><br> Defendant. | Case No. 11-cv-02514 EMC (NC) <br><br> **ORDER RE: DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 65, 84 |

The parties submitted joint letter briefs concerning their continued disputes as to Century/Nordural's responses to document request Nos. 28, 37, and 40-59, Dkt. No. 65, and responses to interrogatory request Nos. 10 and 12, Dkt. No. 84.[1] The parties attended a discovery conference on May 4, 2012. After considering the representations made by the parties at the conference and the parties' joint letter briefs, Dkt. Nos. 65 and 84, the Court orders as follows:

**Interrogatories**

In their most recent letter brief to the Court, Dkt. No. 84, the parties raise

---

[1] While AGCS asserts that it seeks further documents from Century/Nordural in response to document request No. 58, it fails to address the request in the parties' joint letter brief. *See* Dkt. No. 65. Accordingly, AGCS's motion to compel further documents in response to request No. 58 is DENIED.

Case No. 11-cv-02514 YGR (NC)
Order re: Discovery Disputes

additional disputes relating to Century/Nordural's responses to interrogatories Nos. 10 and 12.  Through these interrogatories AGCS seeks information regarding Century/Nordural's  property damage and consequential damage claims.  As Century/Nordural asserts in the joint letter brief "Century has identified all unique responsive documents, subject of course to its right to amend the responses if documents were inadvertently omitted or are subsequently discovered." Dkt. No. 84 at 3.  The Court finds Century/Nordural's responses to be sufficient with one exception.  Century/Nordural is to delete the "see, e.g." reference from its interrogatory responses.  Century/Nordural is to serve on AGCS its verified supplemental responses to interrogatories Nos. 10 and 12 within 30 days of the filing date of this order.

**Document Requests**

**1.   Discovery Concerning All Insurance for Transformer #11**

AGCS request for production No. 28 seeks all documents pertaining to the solicitation, procurement, negotiation, placement, and/or underwriting of any insurance by plaintiffs for Transformer #11 since 1998.  Century/Nordural previously produced all documents relating to the insurance policy at issue, and all other policies that covered Transformer #11 for any risk at the time of loss, and insurance purchased to replace the AGCS policy.  The Court finds that requests for other insurance policies procured for Transformer #11 dating back to 1998 are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, AGCS's request for insurance policies and documents pertaining to solicitation, procurement, negotiation, placement, and/or underwriting of those policies beyond documents already produced by Century/Nordural is DENIED.

**2.   Discovery Concerning "Business Interruption" Claims**

**A. Temporal Scope**

AGCS moves to compel further responses to request Nos. 37, 40-46, 49-54 and 57 relating to the alleged "business interruption" incurred by plaintiffs as a result of the loss of planned use of Transformer #11.  The Court agrees with Century/Nordural that a

temporal limit of July 1, 2009, one year prior to the alleged "business interruption," through July 1, 2011, one year following, is proper. Documents from this two-year time period are sufficient for AGCS to compare production prior and subsequent to the alleged business interruption. Accordingly, AGCS's motion to compel further responses to document request Nos. 37, 40-46, 49-54 and 57 is DENIED to the extent AGCS seeks additional documents from before July 1, 2009 or after July 1, 2011.

### B. Hawesville and Ravenswood Plants

AGCS requests documents concerning schematics, inventory positions, and financial documents of Century's Hawesville, Kentucky and Ravenswood, West Virginia plants. The Court agrees with Century/Nordural that these requests are overly broad and unduly burdensome. The Hawesville and Ravenswood plants are not involved in this case and AGCS has failed to meet its burden to establish relevance of information pertaining to separate plants outfitted to make different products than those made at Nordural. Century/Nordural has offered to provide a declaration from Century's risk manager, Virginia Lawson, explaining why such production replacement would have been impossible or economically infeasible. *See* Dkt. No. 65 at 5. AGCS document requests seeking additional information regarding the Hawesville and Ravenswood plants are DENIED subject to Century/Nordural's production of Ms. Lawson's declaration. Century/Nordural is ordered to submit Ms. Lawson's declaration to AGCS within 14 days of the filing date of this order.

### 3. Discovery Concerning Plant Schmatics and Inventory Position

AGCS requests for production Nos. 47 and 48 seek documents concerning plant schematics and inventory position for Century's Grundartangi, Hawesville, and Ravenswood plants. The Court understands that Century/Nordural previously provided the requested information as to the Grundartangi plant. To the extent the requests seek information regarding the Hawesville and Ravenswood plants, they are overly broad and unduly burdensome and are DENIED subject to Century/Nordural's production of Ms. Lawson's declaration.

**4.       Discovery Concerning Maintenance of Other Transformers**

AGCS request No. 55 seeks documents concerning the historical maintenance of transformers at the Grundartangi plant dating back to 1998. This request, to the extent it does not concern maintenance to Transformer #11, is overly broad and unduly burdensome. AGCS asserts relevance exists as to the issue of "damage to the transformers in general and Plaintiff's business interruption claim." Dkt. No. 65 at 2. Whether or not there were problems with other transformers and whether these transformers were properly maintained is not at issue here, however, as this case concerns only damages sustained by Transformer # 11 in ocean transit. This request also lacks in relevance as to Century/Nordural's business interruption claim. For these reasons, the Court DENIES AGCS's document request No. 55 seeking additional documents concerning maintenance of other transformers.

**5. Discovery Concerning Nordural's Financial Information/Capital Expenditures**

Regarding Century/Nordural's responses to document request No. 56, AGCS's motion to compel further responses is DENIED. Century/Nordural previously produced more than 30,000 pages of information regarding Nordural's financial profile from July 1, 2009 through July 1, 2011. The Court agrees that the information provided for one year prior to the business income loss to one year following the loss is sufficient for AGCS to evaluate Nordural's financial information and capital expenditures during the period of the business income loss.

///

Case No. 11-cv-02514 YGR (NC)
Order re: Discovery Disputes

4

**6. Discovery Concerning Electrical Disturbances**

AGCS request No. 59 seeks documents relating to the "electrical disturbances" that occurred at the Grundartangi plant on or about September 1 and 9, 2010. AGCS's motion to compel this category of documents is DENIED as moot. Century/Nordural represented that it previously provided supplemental responses to this request.

IT IS SO ORDERED.

DATED: April 4, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge