UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTURY ALUMINUM COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AGCS MARINE INSURANCE CO., <br><br> Defendant. | Case No. 11-cv-02514 YGR (NC) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS** <br><br> Re: Dkt. No. 107 |

AGCS moves for leave to depose six additional witnesses in excess of the presumptive 10-deposition limit under Federal Rule of Civil Procedure 30(a)(2)(A). Century/Nordural opposes the motion asserting that it is premature and that AGCS has made no particularized showing of necessity for the additional depositions. The Court finds that the motion is appropriate for determination without oral argument. *See* Civil L.R. 7-1(b).

As an initial matter, the Court finds that AGCS' motion for leave to take additional depositions is timely. The Court also finds that AGCS has made a particularized showing of the need for certain proposed depositions, but not others. Accordingly, AGCS' motion for additional depositions is GRANTED in part and DENIED in part.

//

## I. BACKGROUND

AGCS has conducted the following depositions: (1) Virginia Lawson, Century's risk manager that arranged the relevant insurance; (2) Donna Chan of WS, an account manager for the Century/Nordural account who dealt with AGCS respecting placement of the insurance and the terms of coverage; (3) Noelle Rodier of WS, an account executive for the Century/Nordural account who dealt with Lawson and AGCS with respect to placement of the insurance; (4) Guomundur Jonsson, Nordural employee involved in re-securing and inspecting the subject transformer; (5) Orvar Armannsson, Nordural employee involved in repairs and testing of the transformer as well as meeting with ABB respecting the internal securing of the transformer for the July, 2010 voyage; (6) Sandra Sigurjonsdottir, involved with the transformer shipment and the repair and business interruption claims; and (7) the 30(b)(6) deposition of the Century/Nordural representative relating to the shipment of the transformer, the insurance claim, allegations made against AGCS in this action, and the alleged damages incurred by plaintiffs. Joint Letter Brief at 2. AGCS contends that these deponents have information pertaining to the following subject matters: procurement and placement of the insurance policy; inspection, repairs, and testing of the subject transformer; transportation of the subject transformer; conditions encountered during transportation of the subject transformer; and the current disputed insurance claim. *See* Joint Letter Brief at 2.

AGCS has also scheduled the following depositions to occur before June 30, 2012: (1) ABB witnesses who will testify about repairs to the transformer, securing the internals of the transformer for voyages from Norway to Iceland, instructions concerning "re-securing the internals of the transformer," and the costs of repair and the payment by Nordural; and (2) Statnett witnesses who will testify on issues regarding the three ocean voyages including noises heard from inside the transformer on those voyages and sea conditions encountered on the voyages. Joint Letter Brief at 2.

AGCS now moves for leave to take additional depositions of: (1) Gerhard Haas, the designated claims representative at WS who interacted with AGCS respecting the

claim from its first submission; (2) Zac Overbay, Haas' supervisor who interacted with Haas regarding progression of the claim; (3) Shelly Lair, a Century employee involved with the presentation of the Nordural claim to AGCS, including the consequential loss and repairs, the determination of the end date for the business interruption claim, and alleged collateral damage to be included in the property damage claim; (4) Wayne Hale, a Century employee "also involved with the preparation and presentation of Century/Nordural's claim to AGCS respecting which Plaintiffs now allege AGCS acted in bad faith as well as the determination of the end date for the BI claim, and the alleged collateral damage to be included in the property damage claim"; (5) Bergbor Guomundsson, the Nordural accounting manager that processed invoices respecting the repair of the transformer and arranged payments of invoices while Sigurjonsdottir was on leave; and (6) Magnus Valsson, the Nordural purchasing/shipping coordinator respecting sea transport, who coordinated arrangements for the loading of the transformer in Iceland and who participated in plaintiffs' property damage claims. Joint Letter Brief at 2-3. AGCS states that the additional depositions are necessary for AGCS to adequately prepare for trial. *Id.* at 3.

## II. DISCUSSION

**A. AGCS' Request to Take Additional Depositions**

**1. Exhaustion Requirement**

Generally, courts do not grant leave for a party to take additional depositions until the moving party has exhausted the 10-deposition limit imposed by Rule 30(a)(2). *See Authentec, Inc. v. Atura Tech*, No. 08-cv-1423 PJH, 2008 WL 5120767, at \*2 (N.D. Cal. Dec. 4, 2008) (denying motion for leave to take additional depositions before plaintiff had taken a single deposition). Courts have departed from this "exhaustion rule" where there are multiple plaintiffs and defendants, and the complexity of the case clearly warrants more than ten depositions. *See, e.g., Del Campo v. American Corrective Counseling Servs., Inc.*, No. 01-cv-21151 JW (PVT), 2007 WL 3306496, at \*6 (N.D. Cal. Nov. 6, 2007) (complex case involving five plaintiffs and eleven defendants, court

1 found that it would be prejudicial to require plaintiffs to choose to take ten depositions
2 before they knew whether they would be granted more).

3 Here, AGCS has completed seven fact depositions and has an additional three to
4 five depositions scheduled to be completed by June 30, 2012. Joint Letter Brief at 1.
5 Though only three parties are involved in this litigation, discovery has been sought from
6 "various entities and witnesses in Northern Europe, including AGCS, Century and/or
7 Nordural personnel and certain third parties such as representatives of the vessel owner,
8 the repair facility, insurance adjusters and various surveyors and inspectors in Iceland
9 and/or Norway." Joint Case Management Statement at 6, Dkt. No. 56. As AGCS has
10 scheduled 10 depositions, and in light of the large number of percipient witnesses and
11 the numerous factual issues involved, the Court finds AGCS has met the "exhaustion"
12 requirement. *See Del Campo, Inc.*, 2007 WL 3306496 at *6.

### 2. Necessity of Additional Depositions

14 Under Federal Rule of Civil Procedure 30(a)(2)(A), "a party must obtain leave of
15 court, and the Court must grant leave to the extent consistent with Rule 26(b)(2) . . . if
16 the parties have not stipulated to the deposition and . . . the deposition would result in
17 more than 10 depositions being taken under this rule." FED. R. CIV. P. 30(a)(2)(A). The
18 party must also make a "particularized showing" of the need for the additional
19 depositions. *See C & C Jewelry Mfg., Inc. v. West*, No. 09-cv-01303 JF (HRL), 2011
20 WL 767839, at *1 (N.D. Cal. Feb. 28, 2011).

21 Although the scope of discovery is broad under the Federal Rules, a court must
22 limit the frequency or extent of discovery otherwise allowed if it determines that "(i) the
23 discovery is cumulative or duplicative, or can better be obtained from some other source;
24 (ii) the party seeking discovery has had ample opportunity to obtain the information by
25 discovery in the action; and (iii) the burden or expense of the proposed discovery
26 outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C)(i)-(iii); .

27 While additional depositions may be necessary for AGCS to prepare effectively
28 for trial, the Court limits the additional depositions as follows:

### 1. WS Employees Gerhard Haas and Zac Overbay

AGCS seeks the depositions of Gerhard Haas, the designated claims representative at WS who interacted with AGCS respecting the insurance claim, and Zac Overbay, Haas' supervisor. Letter Brief at 1-2. In the letter brief, AGCS referenced two e-mail communications stating that Haas and Overbay will be "handling" the loss. *See* Joint Letter Brief at 3 n.4. The Court finds AGCS has shown a particularized need for the deposition of a WS claims representative that handled the loss. The Haas and Overbay depositions, however, will likely be duplicative. Accordingly, AGCS is ordered to depose either Haas or Overbay and must inform Century/Nordural on or before June 22, 2012 whether it intends to depose Haas or Overbay.

### 2. Century Employees Lair and Hale

As to Century employees Lair and Hale, the Court notes that AGCS has already sought a 30(b)(6) deposition regarding Century/Nordural's insurance claim to AGCS. AGCS states that Lair and Hale will be deposed on the "presentation of the Century/Nordural claim to AGCS." *See* Joint Letter Brief at 2. While the Court finds AGCS has shown a particularized need to depose a Century representative regarding presentation of the Century/Nordural claim to AGCS, deposing both Lair and Hale would likely be duplicative. Accordingly, AGCS is to depose either Lair or Hale, but not both. AGCS must inform Century/Nordural on or before June 22, 2012 of its intent to depose either Lair or Hale.

### 3. Guomundsson and Valsson Depositions

Finally, AGCS seeks to depose Nordural accounting manager, Bergbor Guomundsson, as he apparently processed invoices respecting the repair of the transformer and oversaw invoice payments in Sigurjonsdottir's absence. Joint Letter Brief at 2. AGCS also seeks to depose Magnus Valsson, a Nordural purchasing/shipping coordinator. As the payment of invoices and the making of shipping arrangements are not at issue in this case, the Court finds AGCS has failed to make a particularized showing of why these extra depositions are necessary. In addition, as the proposed

1 deponents are located in Iceland, the burden and expense of the proposed discovery
2 outweighs its likely benefit. *See* FED. R. CIV. P. 26(b)(2)(C). The Court therefore denies
3 AGCS' motion to depose Guomundsson and Valsson.

**B. AGCS' Request for Leave to File Motion to Compel 30(b)(6) Deposition**

In footnote 3 to the joint letter brief, AGCS states that "the 30(b)(6) witness presented by Century/Nordural . . . was unprepared and unable to testify to the corporation's knowledge respecting these and other issues enumerated in the 30(b)(6) notice." Joint Letter Brief at 2. AGCS contends that Century/Nordural effectively "defaulted" respecting the 30(b)(6) deposition. *Id.* AGCS states that the parties are likely to file a separate letter brief addressing this issue after review of the deposition transcript. Joint Letter Brief at 2.

If the parties are unable to resolve the matter after further meeting and conferring, the Court grants AGCS leave to file a motion pertaining to the alleged "default" respecting the 30(b)(6) deposition. AGCS must file its motion on or before June 22, 2012.

//

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION FOR
ADDITIONAL DEPOSITIONS     6

## III. ORDER

For the reasons discussed above, AGCS' motion for leave to take additional depositions is GRANTED in part and DENIED in part. AGCS may take two depositions in excess of the 10 scheduled under Rule 30(a)(2)(A).

In equity, the Court GRANTS Century/Nordural's request for additional depositions, permitting an additional two depositions of AGCS or third party witnesses. Each side is to pay its own costs and attorney's fees in connection with the additional depositions.

As to the 30(b)(6) deposition, AGCS is granted leave to file a motion pertaining to the alleged "default" on or before June 22, 2012.

Finally, on or before June 21, 2012 the parties are ordered to meet and confer further on how to accomplish the additional depositions expeditiously, such as taking the depositions of any foreign witnesses by telephone or video. If the parties are unable to agree on a schedule and method for taking the additional depositions, they are to contact courtroom deputy, Lili Harrell, by June 22, 2012, and the Court will schedule a discovery status conference for June 27, 2012 at 2:00 p.m.

IT IS SO ORDERED.

DATED: June 14, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge