UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY ALUMINUM CO., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AGCS MARINE INSURANCE CO.,<br><br>Defendant. | Case No. 11-cv-02514-YGR<br><br>**ORDER DENYING AGCS MARINE INSURANCE COMPANY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL LIMITED PORTIONS OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On July 12, 2012, Defendant AGCS Marine Insurance Company filed an Administrative Motion to File Under Seal Limited Portions of Its Motion for Partial Summary Judgment ("Motion"). (Dkt. No. 118.) Defendant seeks leave to file portions of exhibits that reference "trade secret and confidential business information."[1] *Id.* at 1. The Exhibits consist of deposition transcripts of various witnesses for Plaintiffs, including a Rule 30(b)(6) witness, and one third-party witness. Defendant states that the "relevant deposition transcript excerpts and exhibits were deemed confidential pursuant to a Stipulation and Protective Order signed by Magistrate Judge Cousins" ("Protective Order"). *Id.* at 1.

As a preliminary matter, the Court notes that, with respect to the three witnesses employed by Plaintiffs, this Motion falls under Civ. L.R. 79-5(d), which addresses "Filing a Document Designated Confidential by Another Party." L.R. 79-5(d) states that a non-designating party wishing to file a document designated confidential must file and serve an administrative motion to seal and lodge the document or memorandum in accordance with the Local Rule. "Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does

---

[1] The documents sought to be sealed in the Motion will collectively be referred to as the "Exhibits."

not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Civ. L.R. 79-5(d). Defendant filed this Motion because deposition transcripts of Plaintiffs' witnesses were marked "Confidential" under Protective Order. Plaintiffs, however, did not file a declaration establishing that the designated exhibits at issue in the Motion are sealable, nor did counsel lodge and serve a narrowly-tailored proposed sealing order or withdraw the designation of confidentiality. *See* Civ. L.R. 79-5(d).

In the Motion, Defendant states that courts have recognized that injury may result from disclosure in litigation of trade secret and confidential business information, and that motions to seal are the primary way that courts can ensure full disclosure of relevant information while preserving parties' legitimate expectation that confidential business information, proprietary technology, and trade secrets will not be publicly disseminated. Motion at 1–2. No specific argument is made as to each Exhibit or how the testimony contained therein constitutes a trade secret or other confidential business information.

A motion to seal documents that are part of the judicial record is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006)). The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679. Given the importance of the competing interests at stake, any sealing order must be narrowly tailored. Civ. L.R. 79-5(a). "A stipulation . . . that allows a party to designate documents as sealable, will *not suffice* to allow the filing of documents under seal." *Id.* (emphasis added).

The Court hereby **DENIES** this Motion because Plaintiffs have not complied with Civ. L.R.

1 | 79-5(d) and no party has established that the Exhibits are sealable, including that of the third-
2 | party witness. Indeed, a cursory review of the Exhibits by the Court indicates that the documents
3 | need not be sealed. Moreover, the parties do not seem to have fully met and conferred regarding
4 | what portions actually need to be sealed and counsel has indicated that some portions may, at
5 | some later time, be able to be filed publicly. *See* Dkt. No. 126. The Motion is thus not narrowly
6 | tailored. Further, Plaintiffs' time has passed to respond.

The Court's Order is **WITHOUT PREJUDICE** to either party filing another administrative motion to seal. However, the Court notes that given the sheer volume of the documents at issue on the cross-motions for summary judgment and the fact that later-filed exhibits may be intended to correspond to earlier-filed declarations, it will be the **parties' responsibility** to ensure that, at all times, the Court has two complete versions of **all** documents necessary to decide the motions. It is further the parties' responsibility to ensure that all documents are **clearly-marked** such that the Court can easily determine where the documents should be placed in existing Chambers binders. Tabs and updated indexes for the binders should be provided.

The Exhibits at issue in this Motion must be publicly-filed by 12:00 p.m. on Monday, July 30, 2012, unless another motion to seal is filed that specifically addresses each Exhibit and why such documents should be filed under seal, in their entirety or in part.

This Order terminates Dkt. No. 118.

**IT IS SO ORDERED.**

Dated: July 25, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**