1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTURY ALUMINUM CO., et al.,

Plaintiffs,

v.

AGCS MARINE INSURANCE CO.,

Defendant.

Case No. 11-cv-02514-YGR

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL LIMITED PORTIONS OF ITS OPPOSITION TO AGCS'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

On July 31, 2012, Plaintiffs filed an Administrative Motion to File Under Seal Limited Portions of Its Opposition to AGCS' Motion for Partial Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment ("Motion to Seal"). (Dkt. No. 142.) Plaintiffs seek to file under seal: (1) deposition transcript excerpts and exhibits from the deposition of Sandra Inouye, Allianz's 30(b)(6) witness ("Inouye Transcript"); (2) deposition transcript excerpts and exhibits from the deposition of Allianz witness Gaute Storhaug ("Storhaug Transcript"); (3) deposition transcript excerpts from the deposition of Allianz witness Olaf Oppermann ("Oppermann Transcript"); and (4) a document produced by Allianz (AGCS-OC 0008382). *Id.* at 2.

Pursuant to Civ. L.R. 79-5(d), Defendant submitted the Declaration of Michael J. Carcich Regarding Century's Administrative Motion to File Documents Under Seal. (Dkt. No. 170 ("Carcich Decl.").) Defendant maintains that certain pages of the Storhaug Transcript, namely pp. 24:1–25:20 and pp. 84–85), *and* AGCS-OC 0008382 should be sealed. Carcich Decl. ¶ 4. Mr. Carcich states that "[t]he other documents may be filed publicly." *Id.* As such, the Court **DENIES** the Motion to Seal with respect to the Inouye Transcript and Oppermann Transcript.

As to pp. 24:1–25:20 of the Storhaug Transcript, Defendant states that Mr. Storhaug "testified about work performed for another client not involved in this action" which "involved another legal proceeding in which he did not testify and which ended in a settlement before trial." Carcich Decl. ¶ 5.  Further, Mr. Storhaug requested that his testimony remain confidential with regard to his work on this other matter.  *Id.*  As to pp. 84–85 of the Storhaug Transcript, Mr. Storhaug "testified concerning information to be obtained in connection with his research of this matter from dealings of other employees of his firm with other clients of the firm" and he requested that such testimony be kept confidential.  *Id.* ¶ 8.

As to AGCS-OC 0008382, Defendant contends that the document "contains or otherwise reflects confidential information regarding the claim file of an assured of ACGS not involved in this litigation" and "reflects the coverage details offered to an assured unrelated to this matter." Carcich Decl. ¶ 9.  Defendant further contends that the document reflects confidential business information and operations strategy and could be used by AGCS' competitors to gain an unfair advantage.  *Id.*

A motion to seal documents attached to a dispositive motion that are part of the judicial record is governed by the "compelling reasons" standard.  *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).  A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006)).  The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."  *Pintos*, 605 F.3d at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)).  In effect, an order authorizing sealing of a document would require the court to lock the courtroom doors as to the proffered material during trial.  While the decision to grant or deny a motion to seal is within the trial court's discretion, the basis must be compelling and the court must articulate its reasoning in approving such a request.  *Pintos*, 605 F.3d at 679.  Further, given the importance of the competing interests at stake, any sealing order must be narrowly tailored.  Civ. L.R. 79-5(a).  "A stipulation . . . that allows a party to designate

1    documents as sealable[] will *not suffice* to allow the filing of documents under seal." *Id.*

2    (emphasis added).

3         Having reviewed the documents at issue, the Court **DENIES** the Motion to Seal with

4    respect to the entirety of the Storhaug Transcript.  Although Defendant has sought to narrowly

5    tailor its request for sealing, pp. 24:1–25:20 and pp. 84–85 do not share any trade secrets.  The

6    Court finds it unlikely that this material will be improperly used for a scandalous or libelous

7    purpose.  Further, Mr. Storhaug has been engaged to provide expert testimony in this case.  Pages

8    24:1–25:20 relate to his qualifications and experience as an expert, and pp. 84–85 concern

9    information obtained in connection with his research.  To the extent that Defendant will rely on

10   his testimony at trial, the public's interest in the judicial process strongly favors disclosure,

11   particularly where there is a dispositive motion and no specific harm has been identified by

12   Defendant.  While Mr. Storhaug may have requested that the transcript excerpts at issue be

13   deemed "confidential," Civ. L.R. 79-5(a) states that even the stipulation of the parties to designate

14   documents as sealable will not suffice to allow the filing of the documents under seal.  For these

15   reasons, the Court **ORDERS** that the Storhaug Transcript be publicly-filed.

16        On the other hand, the Court **GRANTS** the Motion to Seal the document bates-labeled

17   AGCS-OC 0008382.  This document contains confidential information regarding the claim file of

18   an assured of AGCS not involved in this litigation.  The Court agrees that competitive harm may

19   result to ACGS if this document is publicly-disseminated, as it will reveal confidential business

20   information and strategies that Defendant employs with respect to issuance of its insurance

21   policies.

22        As set forth above, Plaintiffs' Motion to Seal is **GRANTED** as AGCS-OC 0008382, which

23   is Exhibit 21 to the Declaration of Amanda Schapel in Support of Plaintiffs' Opposition to

24   AGCS' Motion for Partial Summary Judgment and in Support of Plaintiffs' Cross-Motion for

25   Partial Summary Judgment (Dkt. No. 159).  The Motion to Seal is **DENIED** as to all other

26   documents.  The parties must comply with General Order 62 with regard to the proper filing

27   procedures.  In light of the briefing schedule on these Cross-Motions, all documents must be

28   either publicly-filed or e-filed under seal in compliance with this Order by <u>Tuesday, August 14,</u>

2012.

   In light of the fact that later-filed exhibits will be intended to correspond to an earlier-filed declaration, it will be the **parties' responsibility** to ensure that the Court has two complete versions of **all** documents necessary to decide the motions.  It is further the parties' responsibility to ensure that all documents are **clearly-marked** such that the Court can easily determine where the documents should be placed in existing Chambers binders.  Tabs and updated indexes for the binders should be provided.

   This Order terminates Dkt. No. 142.

   **IT IS SO ORDERED.**


Dated: August 10, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**