UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY ALUMINUM CO., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AGCS MARINE INSURANCE CO.,<br><br>Defendant. | Case No. 11-cv-02514-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL LIMITED PORTIONS OF ITS OPPOSITION TO AGCS'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On July 31, 2012, Plaintiffs filed an Administrative Motion to File Under Seal Limited Portions of Its Opposition to AGCS' Motion for Partial Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment ("Motion to Seal"). (Dkt. No. 142.) Plaintiffs seek to file under seal: (1) deposition transcript excerpts and exhibits from the deposition of Sandra Inouye, Allianz's 30(b)(6) witness ("Inouye Transcript"); (2) deposition transcript excerpts and exhibits from the deposition of Allianz witness Gaute Storhaug ("Storhaug Transcript"); (3) deposition transcript excerpts from the deposition of Allianz witness Olaf Oppermann ("Oppermann Transcript"); and (4) a document produced by Allianz (AGCS-OC 0008382). *Id.* at 2.

Pursuant to Civ. L.R. 79-5(d), Defendant submitted the Declaration of Michael J. Carcich Regarding Century's Administrative Motion to File Documents Under Seal. (Dkt. No. 170 ("Carcich Decl.").) Defendant maintains that certain pages of the Storhaug Transcript, namely pp. 24:1–25:20 and pp. 84–85), *and* AGCS-OC 0008382 should be sealed. Carcich Decl. ¶ 4. Mr. Carcich states that "[t]he other documents may be filed publicly." *Id.* As such, the Court **DENIES** the Motion to Seal with respect to the Inouye Transcript and Oppermann Transcript.

1        As to pp. 24:1–25:20 of the Storhaug Transcript, Defendant states that Mr. Storhaug
2   "testified about work performed for another client not involved in this action" which "involved
3   another legal proceeding in which he did not testify and which ended in a settlement before trial."
4   Carcich Decl. ¶ 5.  Further, Mr. Storhaug requested that his testimony remain confidential with
5   regard to his work on this other matter.  *Id.*  As to pp. 84–85 of the Storhaug Transcript, Mr.
6   Storhaug "testified concerning information to be obtained in connection with his research of this
7   matter from dealings of other employees of his firm with other clients of the firm" and he
8   requested that such testimony be kept confidential.  *Id.* ¶ 8.
9        As to AGCS-OC 0008382, Defendant contends that the document "contains or otherwise
10  reflects confidential information regarding the claim file of an assured of ACGS not involved in
11  this litigation" and "reflects the coverage details offered to an assured unrelated to this matter."
12  Carcich Decl. ¶ 9.  Defendant further contends that the document reflects confidential business
13  information and operations strategy and could be used by AGCS' competitors to gain an unfair
14  advantage.  *Id.*
15       A motion to seal documents attached to a dispositive motion that are part of the judicial
16  record is governed by the "compelling reasons" standard.  *Pintos v. Pacific Creditors Ass'n,* 605
17  F.3d 665, 678 (9th Cir. 2010).  A "party seeking to seal judicial records must show that
18  'compelling reasons supported by specific factual findings . . . outweigh the general history of
19  access and the public policies favoring disclosure.'"  *Id.* (quoting *Kamakana v. City and County*
20  *of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006)).  The trial court must weigh relevant
21  factors including the "public interest in understanding the judicial process and whether disclosure
22  of the material could result in improper use of the material for scandalous or libelous purposes or
23  infringement upon trade secrets."  *Pintos*, 605 F.3d at 679 n. 6 (quoting *Hagestad v. Tragesser,*
24  49 F.3d 1430, 1434 (9th Cir. 1995)).  In effect, an order authorizing sealing of a document would
25  require the court to lock the courtroom doors as to the proffered material during trial.  While the
26  decision to grant or deny a motion to seal is within the trial court's discretion, the basis must be
27  compelling and the court must articulate its reasoning in approving such a request.  *Pintos*, 605
28  F.3d at 679.  Further, given the importance of the competing interests at stake, any sealing order
    must be narrowly tailored.  Civ. L.R. 79-5(a).  "A stipulation . . . that allows a party to designate

documents as sealable[] will *not suffice* to allow the filing of documents under seal." *Id.* (emphasis added).

Having reviewed the documents at issue, the Court **DENIES** the Motion to Seal with respect to the entirety of the Storhaug Transcript. Although Defendant has sought to narrowly tailor its request for sealing, pp. 24:1–25:20 and pp. 84–85 do not share any trade secrets. The Court finds it unlikely that this material will be improperly used for a scandalous or libelous purpose. Further, Mr. Storhaug has been engaged to provide expert testimony in this case. Pages 24:1–25:20 relate to his qualifications and experience as an expert, and pp. 84–85 concern information obtained in connection with his research. To the extent that Defendant will rely on his testimony at trial, the public's interest in the judicial process strongly favors disclosure, particularly where there is a dispositive motion and no specific harm has been identified by Defendant. While Mr. Storhaug may have requested that the transcript excerpts at issue be deemed "confidential," Civ. L.R. 79-5(a) states that even the stipulation of the parties to designate documents as sealable will not suffice to allow the filing of the documents under seal. For these reasons, the Court **ORDERS** that the Storhaug Transcript be publicly-filed.

On the other hand, the Court **GRANTS** the Motion to Seal the document bates-labeled AGCS-OC 0008382. This document contains confidential information regarding the claim file of an assured of AGCS not involved in this litigation. The Court agrees that competitive harm may result to ACGS if this document is publicly-disseminated, as it will reveal confidential business information and strategies that Defendant employs with respect to issuance of its insurance policies.

As set forth above, Plaintiffs' Motion to Seal is **GRANTED** as AGCS-OC 0008382, which is Exhibit 21 to the Declaration of Amanda Schapel in Support of Plaintiffs' Opposition to AGCS' Motion for Partial Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment (Dkt. No. 159). The Motion to Seal is **DENIED** as to all other documents. The parties must comply with General Order 62 with regard to the proper filing procedures. In light of the briefing schedule on these Cross-Motions, all documents must be either publicly-filed or e-filed under seal in compliance with this Order by Tuesday, August 14,

2012.

In light of the fact that later-filed exhibits will be intended to correspond to an earlier-filed declaration, it will be the **parties' responsibility** to ensure that the Court has two complete versions of **all** documents necessary to decide the motions. It is further the parties' responsibility to ensure that all documents are **clearly-marked** such that the Court can easily determine where the documents should be placed in existing Chambers binders. Tabs and updated indexes for the binders should be provided.

This Order terminates Dkt. No. 142.

**IT IS SO ORDERED.**

Dated: August 10, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**