# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTURY ALUMINUM COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AGCS MARINE INSURANCE CO.,<br><br>Defendant. | Case No. 11-cv-02514 YGR (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>Re: Dkt. No. 180 |

Century moves to compel AGCS to provide further responses to Century's third set of interrogatories and third and fourth requests for the production of documents. Dkt. No. 180. AGCS opposes the motion asserting that the documents and information Century now requests were the subject of previous discovery requests and that Century is seeking a "second bite of the apple."

As an initial matter, the Court found that AGCS and Century had yet to meet and confer sufficiently regarding this discovery dispute and ordered them to do so in advance of the hearing. Dkt. No. 203. The Court then held a hearing on the motion to compel on August 22, 2012.

Finding that certain discovery requests are relevant and not unduly burdensome, the Court GRANTS Century's motion to compel further responses to Century's third request for production Nos. 1, 2, 3, and 4, and to Century's fourth request for production

of documents Nos. 4, 5, and 6, with certain limitations as set forth in this order.  The Court denies Century's motion for further responses to interrogatory Nos. 10, 11, 14, and 15 and grants Century's motion for further responses to interrogatory Nos. 12, 13, 16, and 17, again with certain limitations set forth below.  Accordingly, Century's motion to compel is GRANTED in part and DENIED in part.

## I. BACKGROUND

Century seeks to compel further responses to its third set of interrogatory request Nos. 10, 12, 13, 14, 16, and 17, its third request for production Nos. 1, 2, 3, and 4, and its fourth request for production Nos. 4, 5, and 6.  Joint Letter Brief at 1, Dkt. No. 180.  Century asserts that AGCS has not substantively responded to these interrogatories and has refused to produce any documents in response to Century's third request for production other than a single "sample" AGCS marine cargo policy.  *Id.* at 1-2.  Finally, Century alleges that AGCS has produced no documents in response to Century's fourth request for production.  *Id.* at 2.

AGCS asserts that the documents and information that Century now seeks through these interrogatory and document requests were the subject of previous discovery requests by Century that resulted in a joint letter brief to the Court, Dkt. No. 57, and an order by the Court limiting such discovery, Dkt. No. 64.  *See* Joint Letter Brief at 3.

In the referenced order, the Court limited Century's discovery requests for "other claims" and "other insured" materials to: "(1) ocean marine (not inland) cargo claims that AGCS denied from January 1, 2009 to the present, based on either (a) a conclusion that the packing of the cargo was insufficient to withstand the intended voyage, or (b) sea conditions that AGCS concluded were not so severe to have caused the loss; and (2) ocean marine (not inland) cargo claims that AGCS accepted or paid from January 1, 2009 to the present, involving sea conditions less severe than level 7 on the Beaufort Scale; and (3) ocean marine cargo insurance policies provided by AGCS to ABB Group, and communications between AGCS and ABB Group concerning those policies during

1 the time period January 1, 2009, to present." Order, Dkt. No. 64.  AGCS contends that
2 Century now seeks to expand discovery beyond the Court's order to other Allianz
3 companies, to assureds other than ABB, non-ocean marine movements, and a time period
4 prior to January 1, 2009.  Joint Letter Brief at 3.

## II.  DISCUSSION

### A.  Interrogatories

#### 1.  Century's Third Set of Interrogatories Nos. 10, 11, 14, and 15

Through interrogatory Nos. 10 and 14, Century seeks information regarding AGCS' use of the phrase "'sufficiently packed to withstand the intended voyage' or any similar phrase." Joint Letter Brief at 1.  AGCS responded that it has found no instance where it restates the phrase "sufficiently packed to withstand the intended voyage." *Id.* AGCS further responds that "to search for several specific or 'similar' words in such policies covering specific commodities would be a gargantuan task." *Id.* at 4.

The Court finds that Century's interrogatory request as it stands is vague and unduly burdensome in requiring AGCS to determine what are "similar words."  AGCS is ordered to verify its response that no such AGCS policies exist for the time period January 1, 2009 to the present that contain the phrase "sufficiently packed to withstand the intended voyage."  Otherwise, Century's request for further response to interrogatory Nos. 10 and 14 is denied.  To the extent that interrogatory Nos. 11 and 15 depend on responses to Nos. 10 and 14, Century's request for further responses is denied.

#### 2.  Century's Third Set of Interrogatories Nos. 12 and 16

Through interrogatory Nos. 12 and 16, Century seeks information regarding AGCS' use of the phrase "'sufficiently packed to withstand the intended voyage" where the policy covers the shipment of a transformer or transformers, or a large piece of industrial electrical equipment.  Joint Letter Brief at 1.

The Court grants the request, subject to the same limitations as stated in its previous order, Dkt. No. 64, including that AGCS' response is limited to AGCS policies that involve ocean marine movements (as opposed to inland movement) of transformers,

1  not other large piece of industrial electrical equipment.  The Court also limits the

2  applicable time frame as set forth in the Court's previous order from January 1, 2009, to

3  present.

### 3. Century's Third Set of Interrogatories Nos. 13 and 17

Century interrogatory Nos. 13 and 17 seek information about insurance policies identified in other interrogatory responses.  Joint Letter Brief at 1.  AGCS refuses to respond to these interrogatories, asserting that the Court's prior order relieves AGCS of any obligation to respond.  *See id.*

The Court finds that to the extent responsive policies are identified in AGCS' response to other interrogatories, subject to the Court's limitations on these responses, AGCS must produce information about such policies.

## B.  Document Requests

### 1. Century's Third Request for Production Nos. 1 and 2

Requests for production Nos. 1 and 2 seek documents relating to two ABB transformer damage claims submitted to AGCS that AGCS transformer expert Oppermann testified he handled.  Joint Letter Brief at 2.  Century asserts that these documents are highly relevant to Oppermann's opinions in this case.  *Id.*  AGCS responds that Century through these requests seeks claims files of "other Allianz companies . . . involving losses in Canada and Spain, under policies issued by other Allianz companies, involving neither plaintiff nor ABB."  *Id.* at 4-5.

The Court finds that the limitations set forth in its previous order, Dkt. No. 64, do not apply to requests for production Nos. 1 and 2 for the following reasons.  First, the requests are limited to two damage claims and thus are readily retrievable and therefore not unduly burdensome.  Second, the claims files, though of other Allianz companies, may be relevant as they connect to Oppermann's opinions, which are relevant to Century's bad faith case.  Accordingly, the Court orders AGCS to produce these categories of documents.

//

### 2. Century's Third Request for Production Nos. 3 and 4

Century's requests for production Nos. 3 and 4 seek documents relating to "claims for transformer damages or damages to a large piece of industrial electrical equipment," and the insurance policies covering the shipments of such items. Joint Letter Brief at 2. AGCS objects that these requests are unduly burdensome and irrelevant. Joint Letter Brief at 4.

The Court finds that the limitations set forth in its previous order, Dkt. No. 64, apply to these requests to limit AGCS' response to claims that involve ocean marine movements (as opposed to inland movement) of transformers not other large piece of industrial electrical equipment. The time frame set forth in the Court's previous order, January 1, 2009, to present is to apply here as well.

### 3. Century's Fourth Request for Production No. 1

Century seeks the time and billing records of surveyors and contractors, including Oppermann, Crawford & Co., Det Norske Veritas, Bob Cohen, and BMT, that AGCS retained to assist in the investigation of this claim. Joint Letter Brief at 2. Specifically, Century seeks the records for Olaf Oppermann and other experts engaged by AGCS to investigate the transformer damage claim. *Id.* Century contends that the Oppermann files are relevant because the work he conducted is relevant to Century's bad faith case. *Id.* AGCS responds that it has already produced "part of their files" but that it has not produced all information as "there was no specific request for such information until at or after their depositions." *See* Joint Letter Brief at 5.

The Court finds that the requests for billing records are relevant and not unduly burdensome. Accordingly, the Court orders AGCS to produce the time and billing records of surveyors and contractors that AGCS retained to assist in the investigation.

### 4. Century's Fourth Request for Production Nos. 5 and 6

Through these requests, Century seeks documents relating to AGCS' development and use of a joint AGCS-ABB "Transformer Risk Control Notification Form," which references the securing of "internals of a return transformer." Joint Letter Brief at 2.

1  AGCS has produced the form but now objects to producing follow-up documents and
2  communications regarding AGCS' use of the form as being outside the scope of this
3  Court's previous discovery order limiting "other claims" discovery to AGCS ABB
4  ocean marine policies concerning ocean marine movement of transformers from January
5  1, 2009.  *See* Dkt. No. 64.

6  The Court agrees that AGCS' objections do not apply to the development of the
7  form and that if AGCS contends that no documents regarding the development of the
8  form are found, it must verify that contention in response.  As for use of the form, the
9  Court again limits AGCS' response to transformers involved in ocean marine movement
10 from January 1, 2009 to the present.

### III.  ORDER

12 For the reasons discussed above, Century's motion for further responses to
13 interrogatories and document requests is GRANTED in part and DENIED in part.
14 AGCS must provide verified responses to interrogatories and produce responsive
15 documents to the subject requests in accordance with this order on or before September
16 14, 2012.

18 IT IS SO ORDERED.

20 DATED: August 23, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge