1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTURY ALUMINUM COMPANY, et al., | Case No. 11-cv-02514 YGR (NC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING CENTURY'S MOTION TO COMPEL PRODUCTION OF ROBB DOCUMENTS RE: WEATHER CONDITIONS** |
| AGCS MARINE INSURANCE CO., | Re: Dkt. Nos. 129, 181 |
| Defendant. | |

The issue presented is whether defendant AGCS waived the attorney-client and work product privileges by selectively providing discovery about some of coverage counsel Geoff Robb's communications but shielding other communications with Robb about defendants' weather investigation. Century seeks to compel AGCS to produce the shielded Robb documents, arguing that AGCS waived any applicable privileges by its selective disclosure. AGCS counters that documents at issue were not selectively produced and that AGCS has therefore not waived any privileges.

The Court held a hearing on the motion to compel on August 22, 2012. Dkt. No. 207. The Court finds that AGCS, by its selective disclosures, waived any privileges attached to Robb's communications about the weather investigation. The Court therefore grants Century's motion to compel as to this category of Robb's documents.

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION TO COMPEL

1

## I. BACKGROUND

2    This bad faith insurance action arises from a business interruption loss and repair

3 claim made by plaintiff Century and its wholly-owned subsidiary, Nordural, under a

4 commercial insurance policy issued by defendant AGCS Marine Insurance. *See*

5 Joint Case Management Statement at 2, Dkt. No. 21. Plaintiffs allege that the insurance

6 policy should cover multi-million dollar losses they suffered when a Nordural

7 transformer was severely damaged while in transit from Norway to Iceland on July 11,

8 2010. *Id.* AGCS denied the claim. *Id.* Century contends that the denial was a breach of

9 contract and that AGCS's handling of the claim also breached the implied covenant of

10 good faith and fair dealing. *Id.* AGCS contends that there is no coverage under the

11 policy for Century's claims for repairs to the transformer and for consequential business

12 interruption, and AGCS therefore properly denied Century's claims. *Id.*

13 **A. Discovery Dispute regarding AGCS Privilege Assertions.**

14    On July 27, 2012, the parties filed a joint letter brief outlining a dispute as to

15 AGCS' privilege claims. Joint Letter Brief, Dkt. No. 129. There, Century asserted that

16 AGCS failed to produce hundreds of documents and portions of documents based on

17 improper claims of attorney-client privilege or other protections. *Id.* at 1. In a

18 supplemental brief regarding waiver of privilege, Century asserts that AGCS selectively

19 produced privileged material that it found favorable, while withholding information less

20 favorable to AGCS. Pl.'s Mot. Compel at 5-6, Dkt. No. 181. The bulk of these

21 documents include communications involving and testimony about attorney Geoff Robb.

22 *Id.* at 5.

23    In opposition, AGCS contends that Century can only point to three documents as

24 having been selectively produced: (1) Inouye Ex. 41; (2) Oppermann Ex. 22/Zachariades

25 Ex. 41; and (3) Oppermann ex. 31/Zachariades Ex. 46. Def.'s Opp'n Mot. Compel at 3,

26 Dkt. No. 198. AGCS asserts that these documents are either not subject to privilege or

27 were inadvertently disclosed. *Id.*

28    //

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION TO COMPEL        2

1

### 1.  Coverage Counsel Robb

2   AGCS hired Robb as coverage counsel soon after Century reported the

3   transformer claim to AGCS.  *Id.* at 2.  Century alleges that Robb was "intimately

4   involved in each stage of the claim, Robb was copied on routine claim communications,

5   contacted dozens of potential experts (especially regarding weather/sea conditions), and

6   ultimately was the sole drafter of Allianz's denial letter, signed by Zachariades without

7   edits."  *Id.*  In addition, Century asserts that AGCS, through Robb, engaged weather

8   expert Bob Cohen.  *Id.* at 3.  The Cohen reports and communications have not been

9   produced to Century but instead withheld as privileged.  *Id.*  Century asserts that AGCS

10  has intentionally revealed Robb documents concerning the weather/sea conditions

11  investigation that AGCS believes supports its position.  *Id.*

12  ### 2.  Disclosed Exhibits

13  The first allegedly privileged exhibit that Century points to as selectively

14  produced is Inouye Ex. 41, which contains handwritten notes of an AGCS underwriter in

15  which she notes "Al Warrington[1] reviewing 'sufficient packaging.'"  Def.'s Opp'n Mot.

16  Compel at 4.  AGCS asserts that the document is not privileged.  *Id.*

17  The second exhibit Century references is Oppermann Ex. 22/Zachariades Ex. 41,

18  which includes notes of a telephone conference that Robb attended.  *Id.*  AGCS again

19  asserts that the notes do not indicate any confidential attorney-client communications

20  were revealed.  *Id.*

21  Century asserts that in recent depositions AGCS' counsel permitted examination

22  and testimony about the third exhibit, Oppermann Ex. 31/Zachariades Ex. 46, a

23  privileged communication from Robb to the "Nordural Team."  Pl.'s Mot. Compel at 4;

24  *see also* Myers Decl. ¶ 4, Ex. 3 (Zachariades Depo. 309:4-9).  AGCS contends that the

25  document is privileged and work product protected and "that [it] was neither voluntarily

26  nor intentionally disclosed by AMIC."  Def.'s Opp'n Mot. Compel at 5.  Instead, AGCS

27

28  [1] Al Warrington was the first coverage counsel AGCS engaged after Century reported the transformer claim.  Pl.'s Mot. Compel at 2.

1   asserts that Oppermann brought the un-Bates stamped original document to his

2   deposition.  Def.'s Opp'n at 5.  The document was then provided to Century's counsel

3   because AGCS' counsel mistakenly believed that it had been previously produced.  *Id.*

4   The privileged communication was then marked as Ex. 31 to the Oppermann deposition

5   and subsequently as Ex. 46 to the Zachariades deposition.  *Id.*  AGCS claims that this

6   was all in error and now requests that the document be returned under the terms of the

7   parties' protective order.  *Id.*

## II.  STANDARD OF REVIEW

9   Subject matter waiver is governed by Federal Rule of Evidence 502, which

10   applies to disclosures of information covered by attorney-client privilege and work

11   product protection.  Fed. R. Evid. 502.[2]  Under Rule 502(a), a waiver of the attorney-

12   client privilege or work product protection "extends to an undisclosed communication or

13   information in a federal . . . proceeding only if: (1) the waiver is intentional; (2) the

14   disclosed and undisclosed communications or information concern the same subject

15   matter; and (3) they ought in fairness to be considered together."  Fed. R. Evid. 502(a).

## III.  DISCUSSION

**A.  Selective Disclosure of Robb Document Amounts to Waiver.**

18   Century contends that it has been "prevented from exploring the critical weather

19   element of the claims 'investigation' and denial by [AGCS'] selective invocation of

20   privilege over Robb documents."  Pl.'s Reply at 2.  AGCS maintains that the individual

21   documents identified by Century reveal that the documents are either "not subject to

22   privilege or work-product protection or were inadvertently produced by AGCS."  Joint

23   Letter Brief at 4.

24   The doctrine of waiver of the attorney-client privilege is rooted in notions of

25   fundamental fairness: "to protect against the unfairness that would result from a privilege

26   holder selectively disclosing privileged communications to an adversary, revealing those

27

28   [2] The Federal Rules of Evidence govern the scope of waiver even if state law provides the
rule of decision.  *See* Fed. R. Evid. 502(f).

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION TO COMPEL          4

1
2
3
4
5

that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 576 (N.D. Cal. 2008) (citing *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996)).  The Court first considers whether AGCS' use of the three disclosed documents constitutes an intentional waiver.

6

### 1.  Inouye Ex. 41

7
8
9
10
11
12

Exhibit 41 to the Inouye deposition contains handwritten notes of an AGCS underwriter stating "Al Warrington[3] reviewing 'sufficient packaging.'"  Def.'s Opp'n Mot. Compel at 4.  Century asserts that this document is privileged but was voluntarily disclosed by AGCS.  Pl.'s Reply at 3.  AGCS asserts that the documents is not privileged and that AGCS has never asserted that the document is privileged.  Def.'s Opp'n Mot. Compel at 3.

13
14
15
16
17
18
19

The Court agrees with AGCS that Inouye Ex. 41 is not obviously privileged as the notes themselves are not confidential communications, and the notes do not memorialize or relay any confidential communications.  *See* Cal. Evid. Code § 952 (defining confidential communication between client and lawyer as "information transmitted between a client and his or her lawyer in the course of that relationship. . . [that] includes the legal opinion formed and the advice given by the lawyer in the course of that relationship.").

20

### 2.  Oppermann Ex. 22/Zachariades Ex. 41

21
22
23
24
25

The second exhibit, Oppermann Ex. 22/Zachariades Ex. 41, includes notes of a telephone conference in which Robb participated.  *Id.*  Century asserts that Zachariades testified that she asked Robb to join in that telephone conference in his capacity as coverage counsel because she was "seeking his legal service and advice in connection with the claim."  Pl.'s Reply at 3.  AGCS again asserts that the notes do not indicate any

26

27
28

   [3] Al Warrington was the first coverage counsel AGCS engaged after Century reported the transformer claim.  Pl.'s Mot. Compel at 2.

1    confidential attorney-client communications were revealed and that no waiver can occur

2    where privilege did not attach in the first place. Def.'s Opp'n Mot. Compel at 3. AGCS

3    asserts that this situation is akin to an attorney being "cc" on an email, which does not,

4    by itself, make the email a privileged communication. *Id.* (citing *Dawe v. Corrections*

5    *USA*, 263 F.R.D. 613, 621 (E.D. Cal. 2009)).

6         Upon review of the exhibit, the Court finds that Oppermann Ex. 22/Zachariades

7    Ex. 41 contains factual information and does not obviously reveal confidential attorney-

8    client communications.

9         **3. Oppermann Ex. 31/Zachariades Ex. 46**

10        The final document, Oppermann Ex. 31/Zachariades Ex. 46, is a communication

11   from Robb to the "Nordural Team" in which Robb forwards a report from Bob Cohen

12   which Robb claims "greatly strengthen the improper packing defense." Pl.'s Mot.

13   Compel at 6. Century asserts that AGCS' counsel permitted examination and testimony

14   about this privileged communication at the Oppermann and Zachariades depositions,

15   admitting that it was doing so selectively. *Id.* at 4; s*ee also* Myers Decl. ¶ 4, Ex. 3

16   (Zachariades Depo. 309:4-9) (testimony from AGCS' counsel during the Zachariades

17   deposition regarding Oppermann Ex. 31/Zachariades Ex. 46 where counsel states "this

18   document was sent out by the Long Levitt firm, and it probably was governed by the

19   attorney-client privilege. In hindsight, we did not request its clawback because it

20   basically has factual information in it."). AGCS' counsel then permitted Oppermann and

21   later Zachariades to testify fully regarding the Robb communication. *See id.*

22        AGCS states that the exhibit is not bates stamped, indicating that AGCS did not

23   intend to disclose the document. Def.'s Opp'n Mot. Compel at 3. AGCS asserts that

24   Oppermann brought the un-Bates stamped original document to his deposition and that

25   the document was provided to Century's counsel because AGCS' counsel mistakenly

26   believed that it had been previously produced. *Id.* at 5. The document was subsequently

27   used as an exhibit to the Zachariades deposition. *Id.* In support of its position, AGCS

28   points to the fact that at the Zachariades deposition AGCS' counsel noted that

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION TO COMPEL          6

1   "production of this document does not waive any other privilege connected with any

2   other conversation referenced or about the document." *Id.*  AGCS now claims that

3   Oppermann Ex. 31/Zachariades Ex. 46 was produced in error and requests that the

4   document be returned under the terms of the parties' protective order.  *Id.*

5   The Court finds that disclosure of  Oppermann Ex. 31/Zachariades Ex. 46 was not

6   inadvertent.  AGCS' counsel, acknowledging that the document is "probably privileged,"

7   chose to then produce the privileged document and report from Bob Cohen which Robb

8   claimed "greatly strengthens the improper packing defense."  This occurred for the first

9   time at the Oppermann deposition and a second time at the Zachariades deposition.  The

10  Court finds that AGCS' counsel made the knowing decision to produce the subject

11  document.  Accordingly, the Court finds that AGCS has waived privilege as to

12  Oppermann Ex. 31/Zachariades Ex. 46.

13  **B.  Scope of Waiver**

14  Under Rule 502, a waiver "generally results in a waiver only of the

15  communication or information disclosed."  Fed. R. Evid. 502 (Advisory Committee

16  Notes).  "The idea is to limit subject matter waiver to situations in which the privilege

17  holder seeks to use the disclosed material for advantage in the litigation but to invoke the

18  privilege to deny its adversary access to additional materials that could provide an

19  important context for proper understanding of the privileged materials."  8 Charles Alan

20  Wright, et al., Federal Practice and Procedure § 2016.2 (3d ed., 2010 update).

21  Accordingly, "subject matter waiver (of either privilege or work product) is reserved for

22  those unusual situations in which fairness requires a further disclosure of related,

23  protected information, in order to prevent a selective and misleading presentation of

24  evidence to the disadvantage of the adversary."  Fed. R. Evid. 502 (Advisory Committee

25  Notes).

26  Here, AGCS has attempted to use the disclosed document as both a shield and a

27  sword, that is, to reveal a limited aspect of privileged communications in order to gain a

28  tactical advantage in litigation.  The Court finds that by voluntarily producing a

1   privileged document concerning "significant development in the weather investigation"

2   drafted by Robb, AGCS has waived the attorney-client privilege and work product

3   protection as to all Robb communications concerning defendants' weather investigation.

4   On the other hand, the Court disagrees with plaintiffs that the scope of the waiver should

5   extend to all communications with Robb, with no limitation on topic.  The Court finds

6   that a waiver of that breadth is not supported by Federal Rule of Evidence 502 and

7   would not be proportionate to the purposeful disclosures made by AGCS.

8                              **III.  CONCLUSION**

9          For the reasons discussed above, Century's motion to compel AGCS to produce

10   communications with Robb concerning defendants' weather investigation is GRANTED.

11   AGCS' production must include, but is not limited to, the following documents:

12   AGCS GR 00120-00129; AGCS GR 00132-00134; AGCS GR 00137-00139; AGCS GR

13   00141-00143; AGCS GR 00161; AGCS GR 01503-01504; AGCS GR 01602-01603;

14   AGCS GR 01611-01621; AGCS GR 01647-01649; AGCS GR 02251; AGCS GR

15   02890-02892; AGCS GR 02898-02903; AGCS GR02908-02912; AGCS GR 02954-

16   02961; AGCS GR 02964-02965; AGCS GR 02968-02969; AGCS GR 02972-02977;

17   AGCS GR 03012-03014; AGCS GR 03019-03031; AGCS GR 03191-03193; AGCS GR

18   03207-03209; AGCS GR 03218; AGCS GR 03224; AGCS GR 03237-03242; AGCS GR

19   03249-03252; AGCS GR 03282-03284; AGCS GR 06977-06978.

20          AGCS must produce the responsive documents to Century in accordance with this

21   order, and file and serve a supplemental log of documents being produced, on or before

22   September 14, 2012.  Any party may object to this nondispositive order within 14 days.

23   Fed. R. Civ. P. 72(a).

24          IT IS SO ORDERED.

25

26   DATED: August 28, 2012

27                                                  _____

28                                                  NATHANAEL M. COUSINS
                                                    United States Magistrate Judge

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION TO COMPEL            8