UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTURY ALUMINUM COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AGCS MARINE INSURANCE CO.,<br><br>Defendant. | Case No. 11-cv-02514 YGR (NC)<br><br>**ORDER GRANTING CENTURY'S MOTION TO COMPEL PRODUCTION OF ROBB DOCUMENTS RE: WEATHER CONDITIONS**<br><br>Re: Dkt. Nos. 129, 181 |

The issue presented is whether defendant AGCS waived the attorney-client and work product privileges by selectively providing discovery about some of coverage counsel Geoff Robb's communications but shielding other communications with Robb about defendants' weather investigation. Century seeks to compel AGCS to produce the shielded Robb documents, arguing that AGCS waived any applicable privileges by its selective disclosure. AGCS counters that documents at issue were not selectively produced and that AGCS has therefore not waived any privileges.

The Court held a hearing on the motion to compel on August 22, 2012. Dkt. No. 207. The Court finds that AGCS, by its selective disclosures, waived any privileges attached to Robb's communications about the weather investigation. The Court therefore grants Century's motion to compel as to this category of Robb's documents.

## I. BACKGROUND

This bad faith insurance action arises from a business interruption loss and repair claim made by plaintiff Century and its wholly-owned subsidiary, Nordural, under a commercial insurance policy issued by defendant AGCS Marine Insurance. *See* Joint Case Management Statement at 2, Dkt. No. 21. Plaintiffs allege that the insurance policy should cover multi-million dollar losses they suffered when a Nordural transformer was severely damaged while in transit from Norway to Iceland on July 11, 2010. *Id.* AGCS denied the claim. *Id.* Century contends that the denial was a breach of contract and that AGCS's handling of the claim also breached the implied covenant of good faith and fair dealing. *Id.* AGCS contends that there is no coverage under the policy for Century's claims for repairs to the transformer and for consequential business interruption, and AGCS therefore properly denied Century's claims. *Id.*

**A. Discovery Dispute regarding AGCS Privilege Assertions.**

On July 27, 2012, the parties filed a joint letter brief outlining a dispute as to AGCS' privilege claims. Joint Letter Brief, Dkt. No. 129. There, Century asserted that AGCS failed to produce hundreds of documents and portions of documents based on improper claims of attorney-client privilege or other protections. *Id.* at 1. In a supplemental brief regarding waiver of privilege, Century asserts that AGCS selectively produced privileged material that it found favorable, while withholding information less favorable to AGCS. Pl.'s Mot. Compel at 5-6, Dkt. No. 181. The bulk of these documents include communications involving and testimony about attorney Geoff Robb. *Id.* at 5.

In opposition, AGCS contends that Century can only point to three documents as having been selectively produced: (1) Inouye Ex. 41; (2) Oppermann Ex. 22/Zachariades Ex. 41; and (3) Oppermann ex. 31/Zachariades Ex. 46. Def.'s Opp'n Mot. Compel at 3, Dkt. No. 198. AGCS asserts that these documents are either not subject to privilege or were inadvertently disclosed. *Id.*

//

### 1. Coverage Counsel Robb

AGCS hired Robb as coverage counsel soon after Century reported the transformer claim to AGCS. *Id.* at 2. Century alleges that Robb was "intimately involved in each stage of the claim, Robb was copied on routine claim communications, contacted dozens of potential experts (especially regarding weather/sea conditions), and ultimately was the sole drafter of Allianz's denial letter, signed by Zachariades without edits." *Id.* In addition, Century asserts that AGCS, through Robb, engaged weather expert Bob Cohen. *Id.* at 3. The Cohen reports and communications have not been produced to Century but instead withheld as privileged. *Id.* Century asserts that AGCS has intentionally revealed Robb documents concerning the weather/sea conditions investigation that AGCS believes supports its position. *Id.*

### 2. Disclosed Exhibits

The first allegedly privileged exhibit that Century points to as selectively produced is Inouye Ex. 41, which contains handwritten notes of an AGCS underwriter in which she notes "'Al Warrington[1] reviewing 'sufficient packaging.'" Def.'s Opp'n Mot. Compel at 4. AGCS asserts that the document is not privileged. *Id.*

The second exhibit Century references is Oppermann Ex. 22/Zachariades Ex. 41, which includes notes of a telephone conference that Robb attended. *Id.* AGCS again asserts that the notes do not indicate any confidential attorney-client communications were revealed. *Id.*

Century asserts that in recent depositions AGCS' counsel permitted examination and testimony about the third exhibit, Oppermann Ex. 31/Zachariades Ex. 46, a privileged communication from Robb to the "Nordural Team." Pl.'s Mot. Compel at 4; *see also* Myers Decl. ¶ 4, Ex. 3 (Zachariades Depo. 309:4-9). AGCS contends that the document is privileged and work product protected and "that [it] was neither voluntarily nor intentionally disclosed by AMIC." Def.'s Opp'n Mot. Compel at 5. Instead, AGCS

---

[1] Al Warrington was the first coverage counsel AGCS engaged after Century reported the transformer claim. Pl.'s Mot. Compel at 2.

asserts that Oppermann brought the un-Bates stamped original document to his deposition. Def.'s Opp'n at 5. The document was then provided to Century's counsel because AGCS' counsel mistakenly believed that it had been previously produced. *Id.* The privileged communication was then marked as Ex. 31 to the Oppermann deposition and subsequently as Ex. 46 to the Zachariades deposition. *Id.* AGCS claims that this was all in error and now requests that the document be returned under the terms of the parties' protective order. *Id.*

## II. STANDARD OF REVIEW

Subject matter waiver is governed by Federal Rule of Evidence 502, which applies to disclosures of information covered by attorney-client privilege and work product protection. Fed. R. Evid. 502.[2] Under Rule 502(a), a waiver of the attorney-client privilege or work product protection "extends to an undisclosed communication or information in a federal . . . proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

## III. DISCUSSION

**A. Selective Disclosure of Robb Document Amounts to Waiver.**

Century contends that it has been "prevented from exploring the critical weather element of the claims 'investigation' and denial by [AGCS'] selective invocation of privilege over Robb documents." Pl.'s Reply at 2. AGCS maintains that the individual documents identified by Century reveal that the documents are either "not subject to privilege or work-product protection or were inadvertently produced by AGCS." Joint Letter Brief at 4.

The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness: "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those

---

[2] The Federal Rules of Evidence govern the scope of waiver even if state law provides the rule of decision. *See* Fed. R. Evid. 502(f).

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION TO COMPEL                    4

that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 576 (N.D. Cal. 2008) (citing *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996)). The Court first considers whether AGCS' use of the three disclosed documents constitutes an intentional waiver.

### 1. Inouye Ex. 41

Exhibit 41 to the Inouye deposition contains handwritten notes of an AGCS underwriter stating "Al Warrington[3] reviewing 'sufficient packaging.'" Def.'s Opp'n Mot. Compel at 4. Century asserts that this document is privileged but was voluntarily disclosed by AGCS. Pl.'s Reply at 3. AGCS asserts that the documents is not privileged and that AGCS has never asserted that the document is privileged. Def.'s Opp'n Mot. Compel at 3.

The Court agrees with AGCS that Inouye Ex. 41 is not obviously privileged as the notes themselves are not confidential communications, and the notes do not memorialize or relay any confidential communications. *See* Cal. Evid. Code § 952 (defining confidential communication between client and lawyer as "information transmitted between a client and his or her lawyer in the course of that relationship. . . [that] includes the legal opinion formed and the advice given by the lawyer in the course of that relationship.").

### 2. Oppermann Ex. 22/Zachariades Ex. 41

The second exhibit, Oppermann Ex. 22/Zachariades Ex. 41, includes notes of a telephone conference in which Robb participated. *Id.* Century asserts that Zachariades testified that she asked Robb to join in that telephone conference in his capacity as coverage counsel because she was "seeking his legal service and advice in connection with the claim." Pl.'s Reply at 3. AGCS again asserts that the notes do not indicate any

---

[3] Al Warrington was the first coverage counsel AGCS engaged after Century reported the transformer claim. Pl.'s Mot. Compel at 2.

Case No. 11-cv-02514 YGR (NC)
ORDER RE MOTION TO COMPEL              5

confidential attorney-client communications were revealed and that no waiver can occur where privilege did not attach in the first place. Def.'s Opp'n Mot. Compel at 3. AGCS asserts that this situation is akin to an attorney being "cc" on an email, which does not, by itself, make the email a privileged communication. *Id.* (citing *Dawe v. Corrections USA*, 263 F.R.D. 613, 621 (E.D. Cal. 2009)).

Upon review of the exhibit, the Court finds that Oppermann Ex. 22/Zachariades Ex. 41 contains factual information and does not obviously reveal confidential attorney-client communications.

### 3. Oppermann Ex. 31/Zachariades Ex. 46

The final document, Oppermann Ex. 31/Zachariades Ex. 46, is a communication from Robb to the "Nordural Team" in which Robb forwards a report from Bob Cohen which Robb claims "greatly strengthen the improper packing defense." Pl.'s Mot. Compel at 6. Century asserts that AGCS' counsel permitted examination and testimony about this privileged communication at the Oppermann and Zachariades depositions, admitting that it was doing so selectively. *Id.* at 4; s*ee also* Myers Decl. ¶ 4, Ex. 3 (Zachariades Depo. 309:4-9) (testimony from AGCS' counsel during the Zachariades deposition regarding Oppermann Ex. 31/Zachariades Ex. 46 where counsel states "this document was sent out by the Long Levitt firm, and it probably was governed by the attorney-client privilege. In hindsight, we did not request its clawback because it basically has factual information in it."). AGCS' counsel then permitted Oppermann and later Zachariades to testify fully regarding the Robb communication. *See id.*

AGCS states that the exhibit is not bates stamped, indicating that AGCS did not intend to disclose the document. Def.'s Opp'n Mot. Compel at 3. AGCS asserts that Oppermann brought the un-Bates stamped original document to his deposition and that the document was provided to Century's counsel because AGCS' counsel mistakenly believed that it had been previously produced. *Id.* at 5. The document was subsequently used as an exhibit to the Zachariades deposition. *Id.* In support of its position, AGCS points to the fact that at the Zachariades deposition AGCS' counsel noted that

"production of this document does not waive any other privilege connected with any other conversation referenced or about the document." *Id.* AGCS now claims that Oppermann Ex. 31/Zachariades Ex. 46 was produced in error and requests that the document be returned under the terms of the parties' protective order. *Id.*

The Court finds that disclosure of Oppermann Ex. 31/Zachariades Ex. 46 was not inadvertent. AGCS' counsel, acknowledging that the document is "probably privileged," chose to then produce the privileged document and report from Bob Cohen which Robb claimed "greatly strengthens the improper packing defense." This occurred for the first time at the Oppermann deposition and a second time at the Zachariades deposition. The Court finds that AGCS' counsel made the knowing decision to produce the subject document. Accordingly, the Court finds that AGCS has waived privilege as to Oppermann Ex. 31/Zachariades Ex. 46.

**B. Scope of Waiver**

Under Rule 502, a waiver "generally results in a waiver only of the communication or information disclosed." Fed. R. Evid. 502 (Advisory Committee Notes). "The idea is to limit subject matter waiver to situations in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2016.2 (3d ed., 2010 update). Accordingly, "subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." Fed. R. Evid. 502 (Advisory Committee Notes).

Here, AGCS has attempted to use the disclosed document as both a shield and a sword, that is, to reveal a limited aspect of privileged communications in order to gain a tactical advantage in litigation. The Court finds that by voluntarily producing a

1  privileged document concerning "significant development in the weather investigation"
2  drafted by Robb, AGCS has waived the attorney-client privilege and work product
3  protection as to all Robb communications concerning defendants' weather investigation.
4  On the other hand, the Court disagrees with plaintiffs that the scope of the waiver should
5  extend to all communications with Robb, with no limitation on topic. The Court finds
6  that a waiver of that breadth is not supported by Federal Rule of Evidence 502 and
7  would not be proportionate to the purposeful disclosures made by AGCS.

### III.  CONCLUSION

For the reasons discussed above, Century's motion to compel AGCS to produce communications with Robb concerning defendants' weather investigation is GRANTED. AGCS' production must include, but is not limited to, the following documents: AGCS GR 00120-00129; AGCS GR 00132-00134; AGCS GR 00137-00139; AGCS GR 00141-00143; AGCS GR 00161; AGCS GR 01503-01504; AGCS GR 01602-01603; AGCS GR 01611-01621; AGCS GR 01647-01649; AGCS GR 02251; AGCS GR 02890-02892; AGCS GR 02898-02903; AGCS GR02908-02912; AGCS GR 02954-02961; AGCS GR 02964-02965; AGCS GR 02968-02969; AGCS GR 02972-02977; AGCS GR 03012-03014; AGCS GR 03019-03031; AGCS GR 03191-03193; AGCS GR 03207-03209; AGCS GR 03218; AGCS GR 03224; AGCS GR 03237-03242; AGCS GR 03249-03252; AGCS GR 03282-03284; AGCS GR 06977-06978.

AGCS must produce the responsive documents to Century in accordance with this order, and file and serve a supplemental log of documents being produced, on or before September 14, 2012. Any party may object to this nondispositive order within 14 days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

DATED: August 28, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge