# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTURY ALUMINUM COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AGCS MARINE INSURANCE CO., <br><br> Defendant. | Case No. 11-cv-02514 YGR (NC) <br><br> **ORDER STRIKING AGCS'S DISCOVERY LETTER BRIEF DATED SEPTEMBER 11, 2012** <br><br> Re: Dkt. Nos. 231 |

This order addresses AGCS's unilateral letter brief filed September 11 requesting that the Court modify, stay, and/or extend the deadline to comply with discovery orders issued August 23 and 28, 2012. Dkt. No. 231. Century responded to the brief later the same day, objecting that AGCS did not meet and confer in good faith before filing the letter brief. Dkt. No. 232. The Court STRIKES AGCS's letter brief due to counsel's failure to meet and confer.

## FAILURE TO MEET AND CONFER

Civil Local Rule 37-1(a) mandates a conference between counsel before presenting the Court with a discovery dispute: "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P.

Case No. 11-cv-02514 YGR (NC)
ORDER STRIKING LETTER BRIEF

37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." My Civil Standing Order further explains that the "conference" must be in person, or if counsel are outside the San Francisco Bay Area, must at least be by telephone. A mere exchange of letters, emails, or telephone messages does not satisfy this requirement. *See* Mag. Judge N. Cousins, Civil Standing Order, updated Aug. 24, 2012.

Here, AGCS admits in its letter that its counsel met and conferred with Century's counsel "via e-mail," and they could not agree. Dkt. No. 231 at 1. An exchange of emails by counsel does not satisfy this Court's requirement that parties meet and confer before submitting a discovery dispute to the Court.

The significance of this failure to communicate is demonstrated vividly here. AGCS asserts that it offered to postpone depositions of Klein and Zachariades, pending Judge Gonzalez Rogers' review of my August 28 discovery order. Dkt. No. 231 at 1. Century, on the other hand, asserts that it too offered to postpone these same depositions, but that AGCS declined and insisted that the depositions go forward. Dkt. No. 232 at 1. Further negotiation could resolve this dispute.

Furthermore, the Court hosted a discovery status conference in this case on September 5. That conference presented counsel an opportunity to discuss face to face, and with the Court, the timing and scope of the Klein and Zachariades deposition, as well as other discovery topics. It is evident that counsel for the parties did not take appropriate advantage of this opportunity. Instead of raising the deposition issues at the discovery conference, AGCS waited until the day of the first deposition to file a self-described "unilateral" discovery motion.

The Court rules are designed to prevent this type of discovery and litigation by ambush. Unfortunately, in this dispute, this is not the first time that the parties have failed to confer with each other before seeking court relief. *See* Dkt. No. 203, Aug. 21, 2012.

Case No. 11-cv-02514 YGR (NC)
ORDER STRIKING LETTER BRIEF 2

Local Civil Rule 37-1(a) provides that the Court may impose an "appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer."  All parties are on notice that the Court may impose an appropriate sanction for future failures to confer.

## CONCLUSION

In sum, the Court strikes AGCS's discovery letter brief filed September 11 due to counsel's failure to meet and confer with Century's counsel before filing the brief.  As previously ordered, the parties must jointly file a discovery status report by no later than 5:00 p.m. on September 17, 2012.  Dkt. No. 219.  In that joint report, the parties may address relief from the September 14 deadlines set by this Court's August 23 and 28 discovery orders.

IT IS SO ORDERED.


DATED: September 13, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge